UNITED STATES DISTRICT COURT
District of New Jersey

UNITED STATES OF AMERICA

v.

BERNARD GREENSPAN

Defendant.

CASE NUMBER   2:16-CR-00114-WHW-1

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant, BERNARD GREENSPAN, was represented by ALAN ELLIS Esq. & DAMIAN P. CONFORTI, Esq.

The defendant was found guilty on count(s) 1 thru 10 by a jury verdict on 3/6/2017 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:371 | CONSPIRACY TO VIOLATE THE FEDERAL ANTI-KICKBACK STATUTE AND TRAVEL ACT AND TO DEFRAUD PATIENTS OF HONEST SERVICES | DOF 3/2006-4/2013) | 1 |
| 42:1320A-7B(B)(1)(A), AND 18:2 | ILLEGAL REMUNERATION IN VIOLATION OF THE FEDERAL ANTI-KICKBACK STATUTE | DOF 7/13/2011) - | 2 |
| 42:1320A-7B(B)(1)(A), AND 18:2 | ILLEGAL REMUNERATION IN VIOLATION OF THE FEDERAL ANTI-KICKBACK STATUTE | DOF 12/14/2011 | 3 |
| 42:1320A-7B(B)(1)(A), AND 18:2 | ILLEGAL REMUNERATION IN VIOLATION OF THE FEDERAL ANTI-KICKBACK STATUTE | DOF 12/12/2012 | 4 |
| 18:1952(A)(1) AND (3), AND 18:2 | USE OF THE MAIL AND FACILITIES IN INTERSTATE COMMERCE AND INTERSTATE TRAVEL TO PROMOTE, CARRY ON AND FACILITATE COMMERCIAL BRIBERY | 8/11/2011) | 5 |
| 18:1952(A)(1) AND (3), AND 18:2 | USE OF THE MAIL AND FACILITIES IN INTERSTATE COMMERCE AND INTERSTATE TRAVEL TO PROMOTE, CARRY ON AND FACILITATE COMMERCIAL BRIBERY | 12/7/2011) | 6 |
| 18:1952(A)(1) AND (3), AND 18:2 | USE OF THE MAIL AND FACILITIES IN INTERSTATE COMMERCE AND INTERSTATE TRAVEL TO PROMOTE, CARRY ON AND FACILITATE COMMERCIAL BRIBERY | 12/4/2012 | 7 |
| 18:1343 AND 1346, AND 18:2 | SCHEME TO DEFRAUD PATIENTS OF HONEST SERVICES BY DEFENDANT BERNARD GREENSPAN ACCEPTING CONCEALED BRIBES | 5/18/2012) | 8 |

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

| | | | |
|---|---|---|---|
| 18:1343 AND 1346, AND 18:2 | SCHEME TO DEFRAUD PATIENTS OF HONEST SERVICES BY DEFENDANT BERNARD GREENSPAN ACCEPTING CONCEALED BRIBES | 6/14/2012 | 9 |
| 18:1343 AND 1346, AND 18:2 | SCHEME TO DEFRAUD PATIENTS OF HONEST SERVICES BY DEFENDANT BERNARD GREENSPAN ACCEPTING CONCEALED BRIBES | (DOF 10/18/2012) | 10 |

As pronounced on June 20, 2017, the defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $1,000.00 for count(s) 1 thru 10, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this _22_ day of June, 2017.

Hon. William H. Walls
Senior U.S. District Judge

Judgment - Page 3 of 8

Defendant: BERNARD GREENSPAN
Case Number: 2:16-CR-00114-WHW-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 41 months on each of counts 1 thur 7 and 41 months on each of counts 8 thru 10. All to be served concurrent with each other.

The Court makes the following recommendations to the Bureau of Prisons:

Court recommends that the BOP designate a facility that will address the medical needs and condition of the defendant.

The defendant will surrender for service of sentence at the institution designated by the Bureau of Prisons 10:00 am on September 21, 2017.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment - Page 4 of 8

Defendant: BERNARD GREENSPAN
Case Number: 2:16-CR-00114-WHW-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 1 year on each count to run concurrent with each other.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

Based on information presented, you are excused from the mandatory drug testing provision, however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

You must cooperate in the collection of DNA as directed by the probation officer

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and must comply with the following special conditions:

### FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment - Page 5 of 8

Defendant: BERNARD GREENSPAN
Case Number: 2:16-CR-00114-WHW-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Defendant: BERNARD GREENSPAN
Case Number: 2:16-CR-00114-WHW-1

Judgment - Page 6 of 8

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
             Defendant                                                Date


             _____
             U.S. Probation Officer/Designated Witness                Date

Case 2:16-cr-00114-WHW   Document 132   Filed 06/20/17   Page 6 of 14 PageID: 5569

Judgment - Page 7 of 8

Defendant: BERNARD GREENSPAN
Case Number: 2:16-CR-00114-WHW-1

# FINE

The defendant shall pay a fine of $125,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full within 90 days of sentencing.

This amount is the total of the fines imposed on individual counts, as follows: Total fine of $125,000.00 consisting of a fine of $12,500 on each of counts 1 thru 10.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Judgment - Page 8 of 8

Defendant: BERNARD GREENSPAN
Case Number: 2:16-CR-00114-WHW-1

## RESTITUTION AND FORFEITURE

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

SEE ATTACHED: ORDER OF FORFEITURE
(MONEY JUDGMENT)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

2016R00006/DAW/JNM/BAW/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William H. Walls, U.S.D.J. |
| v. | : | Crim. No. 16-114 |
| BERNARD GREENSPAN, | : | ORDER OF FORFEITURE |
| | | <u>(MONEY JUDGMENT)</u> |
| Defendant. | : | |

WHEREAS, on or about March 8, 2016, an Indictment (the "Indictment") was filed against defendant Bernard Greenspan charging him in 10 counts with conspiracy (A) to bribe physicians, contrary to (i) 42 U.S.C. § 1320a-7b(b)(2)(A) (Anti-Kickback Statute), and (ii) 18 U.S.C. § 1952(a)(1) and (a)(3) and N.J.S.A. § 2C:21-10 (Travel Act (New Jersey commercial bribery statute)); and (B) to defraud patients of honest services, contrary to 18 U.S.C. §§ 1343 and 1346, all in violation of 18 U.S.C. § 371 (Count One); three substantive violations of 42 U.S.C. § 1320a-7b(b)(2)(A) (Anti-Kickback Statute) (Counts Two Through Four); three substantive violations of 18 U.S.C. § 1952(a)(1) and (a)(3) (New Jersey commercial bribery; Travel Act) (Counts Five Through Seven); and engaging in a scheme to defraud patients of honest services, in violation of 18 U.S.C. §§ 1343 and 1346 (Counts Eight through Ten);

WHEREAS, the Indictment contained notice of the Government's intent to seek forfeiture of all proceeds of the offenses charged in Counts One through Ten of the Indictment as part of the defendant's sentence;

WHEREAS, on or about March 7, 2017, a jury sitting in the District of New Jersey found defendant Bernard Greenspan guilty of all counts of the Indictment;

WHEREAS, as a result of the special verdict of the jury finding that the defendant conspired to violate the Anti-Kickback Statute and the Travel Act (New Jersey commercial bribery statute), and to defraud patients of honest services, as charged in Count One of the Indictment, the defendant shall forfeit to the United States:

(a) pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, obtained by the defendant, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the conspiracy to violate the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2)(A);

(b) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, obtained by the defendant, which constitutes or is derived from proceeds traceable to the commission of the conspiracy to violate the Travel Act, 18 U.S.C. § 1952(a)(1) and (3) (New Jersey commercial bribery); and

(c) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, obtained by the defendant, which constitutes or is derived from proceeds traceable to the commission of the conspiracy to defraud patients of honest services, in violation of 18 U.S.C. §§ 1343 and 1346; and

WHEREAS, as a result of his conviction of the violations of the Anti-Kickback Statute alleged in Counts Two through Four of the Indictment, pursuant to 18 U.S.C. § 982(a)(7), the defendant shall forfeit to the United States ), all property, real and personal, obtained by the defendant, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, based upon the evidence presented at trial, and the submissions of the parties, some of which is referenced in Exhibit A to this Order, and for the reasons stated on the record, the Court finds that the Government has proven by a preponderance of the evidence that the defendant Bernard Greenspan is liable for a personal money judgment in the amount of $203,693.15, representing the amount of proceeds obtained by defendant Bernard Greenspan as a result the commission of the conspiracy offense charged in Count One of the Indictment.

2. Pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, based upon the evidence presented at trial, and the submissions of the parties, some of which is referenced in Exhibit A to this Order, and for the reasons stated on the record, the Court finds that the Government has proven by a preponderance of the evidence that the defendant Bernard Greenspan is liable for a personal money judgment in the amounts set forth below, which

represent the amount of proceeds obtained by the defendant Bernard Greenspan as a result the commission of the violations of the Anti-Kickback Statute charged in Counts Two, Three, and Four, respectively, of the Indictment:

| Count | Amount of Money Judgment |
|---|---|
| Two | $ 1,500.00 |
| Three | $ 964.88 |
| Four | $ 1,994.34 |

3.  A criminal forfeiture money judgment ("Money Judgment") in the amounts set forth below is hereby entered against the defendant as to the indicated count of the Indictment (however, the United States may collect no more than $203,693.15):

| Count | Amount of Money Judgment |
|---|---|
| One | $203,693.15 |
| Two | $ 1,500.00 |
| Three | $ 964.88 |
| Four | $ 1,994.34 |

4.  Upon entry of this Order of Forfeiture, this Order is final as to the defendant Bernard Greenspan, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.  All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States

Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

6. Pursuant to 21 U.S.C. § 853, the Government is authorized to deposit all payments on the Money Judgment in the Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), 21 U.S.C. § 853(m), 28 U.S.C. § 3001-3105, and any other applicable provision of federal or state law, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

8. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amounts listed in paragraph 3 above; however, the United States may collect no more than $203,693.15.

9. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 20 day of June, 2017.

HONORABLE WILLIAM H. WALLS
United States District Judge

## EXHIBIT A

|   | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Count | Amount | Description | Date | Indictment | PSR |
| 2 | I | $122,351.90 | rent bribes | 3/2006-8/2010 | 10(a) | 85, 88 |
| 3 | I | $33,882.03 | service agreement bribes | 3/2006-8/2010 | 10(b) | 86, 88 |
| 4 | I | $44,500.00 | Consulting Agreement bribes | 11/2010-4/2013 | 10(d) | 87-88 |
| 5 | I | $964.88 | holiday party | 12/14/2011 | 11(k) | 89, 93(h) |
| 6 | I | $1,994.34 | holiday party | 12/12/2012 | 11(ff) | 89 |
| 7 | *Total for Count I* | $203,693.15 | | | | |
| 8 | | | | | | |
| 9 | II | $1,500.00 | Depost of Consulting Agreement check | 7/13/2011 | 11(b) | 3, 93(b) |
| 10 | III | $964.88 | holiday party | 12/14/2011 | 11(k) | 89, 93(h) |
| 11 | IV | $1,994.34 | holiday party | 12/12/2012 | 11(ff) | 89, 93(h)-(k) |